[11.2011 fugitive location warrant]
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# 12 MISC 542

- - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR ORDERS AUTHORIZING THE
DISCLOSURE OF LOCATION DATA
RELATING TO A SPECIFIED WIRELESS
TELEPHONE

**FILED UNDER SEAL**

**AFFIDAVIT IN SUPPORT OF
APPLICATION**

- - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

I, Ayesha Winston, being first duly sworn, hereby depose and state as follows:

1.    I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the prospective and historical location of 718-551-1023, subscribed to by Edward Byam (the "SUBJECT TELEPHONE"), whose wireless telephone service provider is Verizon Wireless ("Service Provider").[1] The SUBJECT TELEPHONE is described herein and in Attachment A, and the prospective and historical location information to be seized is described herein and in Attachment B.

2.    I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for approximately seven years.  I am responsible for conducting and

---

[1]    On August 13, 2012, the Honorable Steven M. Gold issued an order for precision location data for the SUBJECT TELEPHONE. However, I have been informed by a representative with the United States Marshals Service, whose assistance I have sought in arresting Edward Byam, that the Service Provider Verizon Wireless does not have the capability to provide such precision data.

assisting in investigations into the activities of individuals and criminal groups responsible for crimes related to unlawful possession and use of firearms, including armed robberies. These investigations are conducted both in an undercover and overt capacity. I have participated in investigations involving search warrants and arrest warrants. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

3.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because the purpose of this affidavit is limited to demonstrating probable cause for the requested warrant, it does not set forth all of my knowledge about this matter. In addition, when I rely on statements made by others, such statements are set forth only in part and in substance unless otherwise indicated.

4.    Based on the facts set forth in this affidavit, there is probable cause to believe that Edward Byam is a fugitive, and that he has used, and is currently using, the SUBJECT TELEPHONE. There is therefore probable cause to believe that the prospective and historical location information, including but not limited to E-911 Phase II data (or other

precise location information) concerning the SUBJECT TELEPHONE
(the "REQUESTED INFORMATION"),[2] as described in Attachment B,
will enable law enforcement officers to locate Byam and execute
that arrest warrant.

### Background

5.    On August 8, 2012, an arrest warrant for Edward
Byam's arrest was issued by the Honorable James Orenstein in
United States v. Byam, Misc. No. 12-743, for Hobbs Act robbery in
violation of 18 U.S.C. § 1951(a), and unlawful use of a firearm,
in violation of Title 18, United States Code, Section 924(c).  A

---

[2] Such information shall, where other information is
unavailable, include records reflecting the tower and antenna
face ("cell site") used by the SUBJECT TELEPHONE at the start and
end of any call or text message transmission.  In requesting cell
site information, the government does not concede that such cell
site records — routinely retained by wireless carriers as
business records — may only be obtained via a warrant issued on
probable cause.  See In re Application, 632 F. Supp. 2d 202
(E.D.N.Y. 2008) (authorizing prospective acquisition of cell-site
records under combined authority of 18 U.S.C. 2703(d) & 3121 et
seq.); In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006)
(same).  Moreover, I have been informed by Assistant United
States Attorney Una A. Dean that the Stored Communication Act
("SCA"), 18 U.S.C. § 2703(c)(1), authorizes the government to
require the provider to disclose the information pertinent to
this application by obtaining a warrant, a court order under §
2703(d), or the consent of the subscriber, with the means
employed having implications on notice requirements, among other
things.  In the instant case, the government has opted to pursue
a warrant based upon probable cause to obtain the information,
though the government could obtain that information through a
lesser evidentiary showing.  See 18 U.S.C. § 2703(d) (authorizing
issuance of § 2703(d) order upon a showing of "specific and
articulable facts showing . . . reasonable grounds to believe
that . . . the records or other information sought are relevant
and material to an ongoing criminal investigation").

copy of the complaint and arrest warrant are attached hereto as Exhibit 1.

6.    On three occasions since June 4, 2012, the ATF has conducted surveillance of suspected residences of Byam's.  To date, however, we have been unable to ascertain his whereabouts.

7.    Based on the facts set forth below, probable cause exists to believe that the requested prospective and historical location data set forth in Attachment B will enable law enforcement officers to locate Byam and execute that arrest warrant.

### The SUBJECT TELEPHONE

8.    Documents received from Verizon Wireless on August 1, 2012, reveal that Byam subscribed to the SUBJECT TELEPHONE beginning on June 11, 2012.  These documents also reveal that the SUBJECT TELEPHONE began contacting a telephone number subscribed to by co-conspirator Akeem Monsalvatge on June 11, 2012, and had contact with the Monsalvatge phone as recently as July 30, 2012.[3]

9.    There is therefore probable cause to believe that Byam is using the SUBJECT TELEPHONE and that the REQUESTED INFORMATION set forth in Attachment B will enable law enforcement

---

[3]    On August 8, 2012, the Honorable James Orenstein also issued an arrest warrant, in United States v. Monsalvatge, Misc. No. 12-744, for Monsalvatge's arrest.  A copy of the complaint and arrest warrant is attached hereto as Exhibit 2.

officers to locate Byam and execute the arrest warrant.

### AUTHORIZATION REQUEST

10. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

11. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscribers or users of the SUBJECT TELEPHONE would seriously jeopardize the ongoing investigation, as such disclosure would give the targets of the investigation an opportunity to destroy evidence, harm or threaten victims or other witnesses, change patterns of behavior, notify confederates, and continue to flee from and evade prosecution. Moreover, to the extent that the warrant authorizes the seizure of any tangible property, any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

12. I further request that the Court direct the

5

Service Provider to disclose to the government any information described in Attachment B that is within the Service Provider's possession, custody, or control. I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, by, inter alia, initiating a signal to determine the locations of the SUBJECT TELEPHONE on the Service Provider's networks or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

13. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the SUBJECT TELEPHONE outside of daytime hours.

14. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation. Disclosure of this application and these orders would seriously jeopardize the ongoing investigation, as such a disclosure would

6

give the targets of the investigation an opportunity to destroy evidence, harm or threaten victims or other witnesses, change patterns of behavior, notify confederates and continue to flee from or evade prosecution.

15.  IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 2705(b) and for the reasons stated above, the Court issue an Order commanding Verizon Wireless not to notify any person (including the subscribers or customers of the account listed in the attached warrant) of the existence of the attached warrant until further order of the Court.

Dated:     Brooklyn, New York
           August 14, 2012

AYESHA WINSTON
Special Agent
ATF

Sworn to before me the ____ day of August, 2012

THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

7

## ATTACHMENT A

### Property To Be Searched

1.     The cellular telephone assigned call number 718-551-1023, subscribed to by Edward Byam, with Device ID 99000109356527 (the "SUBJECT TELEPHONE"), whose wireless service provider is Verizon Wireless, a company headquartered at Basking Ridge, NJ.

2.     Information about the location of the SUBJECT TELEPHONE that is within the possession, custody, or control of Verizon Wireless, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

3.     Records or other information about the location of the SUBJECT TELEPHONE from July 14, 2012, until 11:00 a.m. Eastern Time on the date that the Court issues the warrant, that is within the possession, custody, or control of Verizon Wireless.

ATTACHMENT B

Particular Things to be Seized

All prospective information about the location of the SUBJECT TELEPHONE described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the SUBJECT TELEPHONE" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

All recorded information identifying the base station towers and sectors that received transmissions from the SUBJECT TELEPHONE at the beginning and the end of each communication to or from the SUBJECT TELEPHONE, including calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any such communications, for the period from July 14, 2012, until 11:00 a.m. Eastern Time on the date that the Court issues the warrant.

To the extent that the information described in the previous two paragraphs (hereinafter, "Location Information") is within the possession, custody, or control of Verizon Wireless, Verizon Wireless is required to disclose the Location Information to the government. In addition, Verizon Wireless must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon Wireless' services, including by initiating a signal to determine the location of the SUBJECT TELEPHONE on Verizon Wireless' network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. See 18 U.S.C. § 3103a(b)(2).

JDL:UAD
F.#2011R00370

# 12 M 743

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

EDWARD BYAM,

           Defendant.

- - - - - - - - - - - - - - - - -X

**TO BE FILED UNDER SEAL**

AFFIDAVIT IN SUPPORT OF
ARREST WARRANT
(18 U.S.C. §§ 1951(a),
924(c)(1)(A)(ii), 2 and
3551 et seq.)

EASTERN DISTRICT OF NEW YORK, SS:

      AYESHA WINSTON, being duly sworn, deposes and states that she is a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") duly appointed according to law and acting as such.

      Upon information and belief, in or about and between October 2011 and February 2012, within the Eastern District of New York and elsewhere, the defendant EDWARD BYAM together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by robbery of a Pay-O-Matic check cashing store, and to commit and threaten physical violence to a person in furtherance of the robbery.

      (Title 18, United States Code, Section 1951(a) and 3551 et seq.)

Upon information and belief, in or about and between October 2011 and February 2012, within the Eastern District of New York, the defendant EDWARD BYAM, together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: a conspiracy to commit a robbery of a Pay-O-Matic check cashing store, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 2 and 3551 et seq.)

The source of your deponent's information and the grounds for her belief are as follows:[1]

1.    I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for approximately seven years.  I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for crimes related to unlawful possession and use of firearms, including armed robberies.  These investigations are conducted both in an undercover and overt capacity.  I have participated in investigations involving search warrants and arrest warrants.  As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to

---

[1]   Because the purpose of this Affidavit is to establish only probable cause to arrest, I have not set forth a description of all the facts and circumstances of which I am aware.

conceal their activities from detection by law enforcement authorities.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because the purpose of this affidavit is limited to demonstrating probable cause for the requested warrant, it does not set forth all of my knowledge about this matter. In addition, when I rely on statements made by others, such statements are set forth only in part and in substance unless otherwise indicated.

3. On February 14, 2012, Pay-O-Matic, a check cashing establishment located in Queens, New York, was robbed by three men. According to an employee of Pay-O-Matic, on the day of the robbery, three men dressed as New York City Police Department ("NYPD") officers approached the employee as she was arriving at work at approximately 8:00 a.m. They had exited a dark-colored SUV with a broken rear window, which was parked outside of the Pay-O-Matic. The men showed the employee a photograph of her house and escorted her into the store.

4. Once inside, one of the men brandished a firearm, and the three men proceeded to rob the establishment, removing approximately $200,000 from an unlocked safe. They then left the store, entered the SUV and drove away.

5. The three men left behind the photograph of the employee's home. On the back of the photograph was printed

4

"Walgreens 11316 12/03/11."   Based on the store number "11316,"
the NYPD determined that the photograph had been printed at a
Walgreens located at 125-55 Farmers Boulevard in Queens, New
York.   Thereafter, Walgreens employees provided a receipt for the
photograph, which showed that the photograph was printed for
"Byam, E."

      6.   Following the robbery, the details of the robbery,
including surveillance photographs of the robbers, were broadcast
on local news outlets.   The NYPD subsequently received a tip that
the robbers appeared to be wearing high-end special effects
masks.

      7.   Composite Effects, also known as "CFX," is a
company that manufactures high-end special effects masks.
Documents received from Composite Effects show that "Edward Byam"
purchased three "Mac the Guy" masks on or about October 25, 2011
(invoice number 4389).   "Mac the Guy" masks are Caucasian male
masks that match the appearances of the robbers as captured on
Pay-O-Matic surveillance cameras on the day of the robbery.   In
placing his order, BYAM gave the email address
"newdaddy1@aol.com" as his email address.

      8.   On November 9, 2011, Composite Effects received an
email from "newdaddy1@aol.com," in which BYAM wrote, "my name is
edward byam invoice num 4389, i placed my order on oct. 25 n was
wondering if my order will be honored on the schedule date in
nov??????"

9.   On November 30, 2011, Composite Effects received another email from "newdaddy1@aol.com," in which BYAM confirmed receipt of the masks and wrote, "im sending this message to say im extremly pleased by cfx work on the mask . . . the realism of the mask is unbelievable."

WHEREFORE your deponent respectfully requests that an arrest warrant issue for the defendant EDWARD BYAM, so that he may be dealt with according to law.   I further request that the Court order that this application, including the affidavit and arrest warrant, be sealed until further order of the Court.   These documents discuss an ongoing criminal investigation.   Disclosure of this application and these orders would seriously jeopardize the ongoing investigation, as such a disclosure would give the targets of the investigation an opportunity to destroy evidence, harm or threaten victims or other witnesses, change patterns of behavior, notify confederates and flee from or evade prosecution.

Ayesha Winston
Special Agent, ATF

Sworn to before me this
8th day of August 2012

THE HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. **12 M 743** |
| EDWARD BYAM, | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Edward Byam                                                                                      ,
who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment     ❑ Superseding Indictment     ❑ Information     ❑ Superseding Information     ☑ Complaint
❑ Probation Violation Petition     ❑ Supervised Release Violation Petition     ❑ Violation Notice     ❑ Order of the Court

This offense is briefly described as follows:
Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a), and brandishing a firearm in relation to a
crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).


Date:   08/08/2012                                          _____
                                                                           *Issuing officer's signature*

City and state:   Brooklyn, NY                        Hon. James Orenstein
                                                                           *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                                      _____<br>*Arresting officer's signature*<br><br>_____<br>*Printed name and title* |

JDL:UAD
F.#2011R00370

**12M744**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

AKEEM MONSALVATGE,

          Defendant.

- - - - - - - - - - - - - - - -X

TO BE FILED UNDER SEAL

AFFIDAVIT IN SUPPORT OF
ARREST WARRANT
(18 U.S.C. §§ 1951(a),
924(c)(1)(A)(ii), 2 and
3551 et seq.)

EASTERN DISTRICT OF NEW YORK, SS:

       AYESHA WINSTON, being duly sworn, deposes and states
that she is a Special Agent with the United States Bureau of
Alcohol, Tobacco, Firearms and Explosives ("ATF") duly appointed
according to law and acting as such.

       Upon information and belief, in or about and between
October 2011 and February 2012, within the Eastern District of
New York and elsewhere, the defendant AKEEM MONSALVATGE together
with others, did knowingly and intentionally conspire to
obstruct, delay and affect commerce and the movement of articles
and commodities in commerce, by robbery of a Pay-O-Matic check
cashing store, and to commit and threaten physical violence to a
person in furtherance of the robbery.

       (Title 18, United States Code, Section 1951(a) and 3551
et seq.)

        Upon information and belief, in or about and between
October 2011 and February 2012, within the Eastern District of
New York, the defendant AKEEM MONSALVATGE, together with others,
did knowingly and intentionally use and carry a firearm during
and in relation to a crime of violence, to wit: a conspiracy to
commit a robbery of a Pay-O-Matic check cashing store, and did
knowingly and intentionally possess such firearm in furtherance
of said crime of violence, which firearm was brandished.

        (Title 18, United States Code, Sections
924(c)(1)(A)(ii), 2 and 3551 et seq.)

        The source of your deponent's information and the
grounds for her belief are as follows:[1]

        1.    I have been a Special Agent with the Bureau of
Alcohol, Tobacco, Firearms and Explosives ("ATF") for
approximately seven years.  I am responsible for conducting and
assisting in investigations into the activities of individuals
and criminal groups responsible for crimes related to unlawful
possession and use of firearms, including armed robberies.  These
investigations are conducted both in an undercover and overt
capacity.  I have participated in investigations involving search
warrants and arrest warrants.  As a result of my training and
experience, I am familiar with the techniques and methods of
operation used by individuals involved in criminal activity to

---

    [1]  Because the purpose of this Affidavit is to establish
only probable cause to arrest, I have not set forth a description
of all the facts and circumstances of which I am aware.

conceal their activities from detection by law enforcement
authorities.

2.    The facts in this affidavit come from my personal
observations, my training and experience, and information
obtained from other agents and witnesses.  Because the purpose of
this affidavit is limited to demonstrating probable cause for the
requested warrant, it does not set forth all of my knowledge
about this matter.  In addition, when I rely on statements made
by others, such statements are set forth only in part and in
substance unless otherwise indicated.

3.    On February 14, 2012, Pay-O-Matic, a check cashing
establishment located in Queens, New York, was robbed by three
men.  According to an employee of Pay-O-Matic, on the day of the
robbery, three men dressed as New York City Police Department
("NYPD") officers approached the employee as she was arriving at
work at approximately 8:00 a.m.  They had exited a dark-colored
SUV with a broken rear window, which was parked outside of the
Pay-O-Matic.  The men showed the employee a photograph of her
house and escorted her into the store.

4.    Once inside, one of the men brandished a firearm,
and the three men proceeded to rob the establishment, removing
approximately $200,000 from an unlocked safe.  They then left the
store, entered the SUV and drove away.

5.    The three men left behind the photograph of the
employee's home.  On the back of the photograph was printed

"Walgreens 11316 12/03/11."  Based on the store number "11316,"
the NYPD determined that the photograph had been printed at a
Walgreens located at 125-55 Farmers Boulevard in Queens, New
York.  Thereafter, Walgreens employees provided a receipt for the
photograph, which showed that the photograph was printed for
"Byam, E."  The receipt also contained a telephone number, ending
in 5213, which is subscribed to Jodi Ferguson, 16913 110th Road,
Jamaica, NY 11433 and Edward Byam, 18918 Keeseville Avenue,
Jamaica, New York, 11412 (the "Byam Telephone").

      6.    Following the robbery, the details of the robbery,
including surveillance photographs of the robbers, were broadcast
on local news outlets.  The NYPD subsequently received a tip that
the robbers appeared to be wearing high-end special effects
masks.

      7.    Composite Effects, also known as "CFX," is a
company that manufactures high-end special effects masks.
Documents received from Composite Effects show that "Edward Byam"
purchased three "Mac the Guy" masks on or about October 25, 2011
(invoice number 4389).  "Mac the Guy" masks are Caucasian male
masks that match the appearances of the robbers as captured on
Pay-O-Matic surveillance cameras on the day of the robbery.

      8.    Composite Effects documents show that the masks
were shipped to "Edward Byam C/o Erica, 153-50 89th Ave, Apt.
939, Jamica [sic], NY 11432."  Database searches reveal that an
individual named "Erica Malloy" resides at this address.  UPS

tracking information shows that the masks were delivered to this address on November 29, 2011.

9. On September 8, 2010, the defendant AKEEM MONSALVATGE was arrested and released on bond by the New York City Police Department ("NYPD") for a robbery of another Pay-O-Matic store in Queens that occurred on February 24, 2010. MONSALVATGE testified before a grand jury in connection with this arrest on February 10, 2011. During his testimony, he stated that Erika Malloy is his wife and also testified as to his phone number, a number ending in 2377 (the "Monsalvatge Telephone").

10. A review of telephone toll records has revealed that there were approximately 89 calls between the Monsalvatge Telephone and the Byam Telephone during the two weeks prior the robbery, approximately 22 of which occurred on the day of the robbery.

WHEREFORE your deponent respectfully requests that an arrest warrant issue for the defendant AKEEM MONSTALVATGE, so that he may be dealt with according to law. I further request that the Court order that this application, including the affidavit and arrest warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation. Disclosure of this application and these orders would seriously jeopardize the ongoing investigation, as such a disclosure would give the targets of the investigation an opportunity to destroy evidence, harm or

6

threaten victims or other witnesses, change patterns of behavior,

notify confederates and flee from or evade prosecution.


Ayesha Winston
Special Agent, ATF


Sworn to before me this
84 day of August 2012


THE HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.    **12 M 744** |
| AKEEM MONSALVATGE, | ) | |
| _____ | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     Akeem Monsalvatge                                                                              ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:
Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a), and brandishing a firearm in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).


Date:   08/08/2012                              _____
                                                              *Issuing officer's signature*

City and state:   Brooklyn, NY                   Hon. James Orenstein
                                                              *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                                   _____<br>                                                                              *Arresting officer's signature*<br><br>                                                                              _____<br>                                                                              *Printed name and title* |

F.#2012R00370

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 MISC 542**

- - - - - - - - - - - - - - - x

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2705(b)

<u>TO BE FILED UNDER SEAL</u>

<u>ORDER</u>

- - - - - - - - - - - - - - - x

        Application having been made for a search warrant under
Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§
2703(c)(1)(A) for information about the location of the cellular
telephone assigned call number 718-551-1023, subscribed to by
Edward Byam (the "SUBJECT TELEPHONE"), whose wireless telephone
service provider is Verizon Wireless (the "Service Provider"), as
further described in Attachment B to the search warrant (the
"REQUESTED INFORMATION");

        The Court finds that there is reasonable cause to
believe that providing immediate notification of the execution of
the warrant may seriously jeopardize an ongoing investigation,
including by giving targets an opportunity to flee or continue
flight from prosecution, destroy or tamper with evidence, change
patterns of behavior, or notify confederates.  See 18 U.S.C. §§
2705(b)(2), 2705(b)(3) and 2705(b)(5).  Furthermore, the
execution of this warrant will not result in the seizure of any
tangible property or any wire or electronic communication (as
defined in 18 U.S.C. § 2510).  To the extent that the warrant

authorizes the seizure of any stored wire or electronic
information, that seizure is expressly authorized by 18 U.S.C. §
2703(c)(1)(A).

IT IS HEREBY ORDERED pursuant to Federal Rule of
Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that law
enforcement officers, including but not limited to agents with
the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")
and the United States Marshals Service ("USMS"), beginning at any
time within ten days of the date of this Order and for a period
not to exceed 30 days, may obtain the REQUESTED INFORMATION
concerning the SUBJECT TELEPHONE, with said authority to extend
to any time of the day or night as required, including when the
SUBJECT TELEPHONE leaves the Eastern District of New York; all of
said authority being expressly limited to ascertaining the
physical location of the SUBJECT TELEPHONE and expressly
excluding the contents of any communications conducted by the
user(s) of the SUBJECT TELEPHONE.

It is further ORDERED that Verizon Wireless (the
"service provider") assist law enforcement, including but not
limited to agents with the ATF and USMS, by providing all
information, facilities and technical assistance needed to
ascertain the REQUESTED INFORMATION, including by initiating a
signal to determine the location of the SUBJECT TELEPHONE on the
service provider's network or with such other reference points as

11

may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as the service provider accords the user(s) of the SUBJECT TELEPHONE.

It is further ORDERED that the ATF compensate the service provider for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order and the accompanying Affidavit submitted in support thereof be sealed until further Order of the Court, except that copies of the Court's Order in full or redacted form may be maintained by the United States Attorney's Office, and may be served on law enforcement officers, and other government and contract personnel acting under the supervision of such law enforcement officers, and the service provider as necessary to effectuate the Court's Order.

It is further ORDERED that this warrant be returned to the issuing judicial officer within 14 days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the

12

termination of the monitoring period authorized by the warrant or
any extension thereof.

It is further ORDERED under 18 U.S.C. § 2705(b) that
Verizon Wireless shall not disclose the existence of the attached
warrant, or this Order of the Court, to the listed subscriber or
to any other person, unless and until otherwise authorized to do
so by the Court, except that Verizon Wireless may disclose the
attached warrant to an attorney for Verizon Wireless for the
purpose of receiving legal advice.

It is further ORDERED that this Order apply to any
changed mobile telephone number subsequently assigned to the
SUBJECT TELEPHONE within the period of this Order.

It is further ORDERED that the application and this
Order are sealed until otherwise ordered by the Court.

Dated:      Brooklyn, New York
            August 14, 2012

                                    _____
                                    THE HONORABLE STEVEN M. GOLD
                                    UNITED STATES MAGISTRATE JUDGE
                                    EASTERN DISTRICT OF NEW YORK

AO 93  (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>cellular telephone assigned call number 718-551-1023, subscribed to by Edward<br>Byam, whose wireless service provider is Verizon Wireless. | )<br>)<br>)   Case No. **12 MISC 542**<br>)<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ **Eastern** _____ District of _____ **New York** _____
*(identify the person or describe the property to be searched and give its location)*:
   See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
   See Attachment B, all of which constitute instrumentalities, evidence and fruits of violations of Title 18, United States Code, Sections 1951(a) and 924(c).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____ **August 28, 2012** _____
*(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.     ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
duty magistrate _____ .
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specified date of _____ .

Date and time issued:      8/14/12   3⁰⁵ PM

Judge's signature

City and state:      Brooklyn, NY          Magistrate Judge Steven M. Gold
*Printed name and title*

## ATTACHMENT A

### Property To Be Searched

1.     The cellular telephone assigned call number 718-551-1023, subscribed to by Edward Byam, with Device ID 99000109356527 (the "SUBJECT TELEPHONE"), whose wireless service provider is Verizon Wireless, a company headquartered at Basking Ridge, NJ.

2.     Information about the location of the SUBJECT TELEPHONE that is within the possession, custody, or control of Verizon Wireless, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

3.     Records or other information about the location of the SUBJECT TELEPHONE from July 14, 2012, until 11:00 a.m. Eastern Time on the date that the Court issues the warrant, that is within the possession, custody, or control of Verizon Wireless.

8

ATTACHMENT B

Particular Things to be Seized

All prospective information about the location of the
SUBJECT TELEPHONE described in Attachment A for a period of
thirty days, during all times of day and night.  "Information
about the location of the SUBJECT TELEPHONE" includes all
available E-911 Phase II data, GPS data, latitude-longitude data,
and other precise location information, as well as all data about
which "cell towers" (i.e., antenna towers covering specific
geographic areas) and "sectors" (i.e., faces of the towers)
received a radio signal from the cellular telephone described in
Attachment A.

All recorded information identifying the base station towers
and sectors that received transmissions from the SUBJECT
TELEPHONE at the beginning and the end of each communication to
or from the SUBJECT TELEPHONE, including calls or text message
transmissions, and the mobile switching center serving the
SUBJECT TELEPHONE during any such communications, for the period
from July 14, 2012, until 11:00 a.m. Eastern Time on the date
that the Court issues the warrant.

To the extent that the information described in the previous
two paragraphs (hereinafter, "Location Information") is within
the possession, custody, or control of Verizon Wireless, Verizon
Wireless is required to disclose the Location Information to the
government.  In addition, Verizon Wireless must furnish the
government all information, facilities, and technical assistance
necessary to accomplish the collection of the Location
Information unobtrusively and with a minimum of interference with
Verizon Wireless' services, including by initiating a signal to
determine the location of the SUBJECT TELEPHONE on Verizon
Wireless' network or with such other reference points as may be
reasonably available, and at such intervals and times directed by
the government.  The government shall compensate Verizon Wireless
for reasonable expenses incurred in furnishing such facilities or
assistance.

To the extent that the Location Information includes
tangible property, wire or electronic communications (as defined
in 18 U.S.C. § 2510), or stored wire or electronic information,
there is reasonable necessity for the seizure.  See 18 U.S.C. §
3103a(b)(2).

9